Isabel Cartier
vs.　　　　No. 61090
Liberty Laundry, Inc.

July 30, 1927.

SUMNER, J. The plaintiff brought suit for damages for personal injuries claimed to have been suffered as the result of the negligence of the defendant. The jury returned a verdict for the plaintiff in the sum of $1600 and defendant has filed its motion for a new trial.

The plaintiff was riding in an automobile driven by her husband on Cranston Street and as they approached the intersection of Curtis Street her husband speeded up to the left to pass the truck of the defendant, the defendant turned to enter the intersection and a collision ensued.

The plaintiff's husband claimed that as he followed defendant's truck he had signalled with his horn several times before the accident; that he was well on the left hand side of Cranston Street; that the driver of the defendant's car gave no signal of his intention to turn to his left, and that there was no side mirror on defendant's truck as required by law; that when he observed that the truck was turning, he immediately put on his brakes and the shock of the sudden stopping of the car threw the plaintiff against the seat in front; the wind shield of the car in which the plaintiff was riding was broken and a piece of glass nearly two inches long and three-quarters of an inch wide was driven into her right shoulder and imbedded in the flesh.

The jury decided that the negligence of the defendant was the approximate cause of the accident and the Court is not disposed to interfere with that decision.

There is a question as to whether the damages awarded by the jury were excessive.

The plaintiff testified that she was cut on the right shoulder, bruised on her left hip and that her right wrist was cut.

Dr. Frank H. Mathews, who attended her, testified that he removed a piece of glass from the shoulder; that there were two cuts on the right shoulder, scratches on her face and back, and that she complained of her left hip. He does not speak of any injury to her chest or wrist.

The plaintiff complains that she can't sleep on her right side now; that she had a painful right chest following the accident, which is very much improved, and that she is suffering from tachycardia, which is a rapid action of the heart, recurring at intervals, and due to some trouble with the nervous system. It is a very painful trouble while it lasts and impresses the patient with the idea that she is dying. She said she had had three of these attacks, one in October, 1924, three months after the accident, one in January, 1925, and one not so severe in the summer of 1926. This case was tried in January, 1927. She said that she was told by her physician to slow up in her activities, but it does not appear that she has done so. She says she "goes out a good deal," attends dances and skates in the winter.

Dr. Daniel S. Latham said he treated her for tachycardia in November or December of 1924 but has not treated her since for that trouble. He saw her the night before the trial and there was a slightly accelerated pulse, which he thinks is due to the tachycardia.

Dr. Jay Perkins, appointed by the Court to examine the plaintiff, said that he saw her in February, 1925, and that there was no evidence of tachycardia. He said she gave him a history of it, however.

Dr. Palmer, an expert summoned by the defendant, said he saw no signs of tachycardia, and that it would be foolish if she had that trouble for her to do the things she does now.

It may be that the plaintiff has had

this trouble and that it was caused by the accident, but the Court is not satisfied that it exists today or that she has been very seriously inconvenienced by it. She certainly does not act like one who really believes that she has it. The scar on the right shoulder caused by the imbedding of the glass has faded a good deal. It does not clearly appear how long she was confined to the house. Dr. Mathews testified that he had attended her four or five times in two weeks and that she called at his office later two or three times. It is not pleasing to go through an accident of this kind and there are apt to be mental troubles as well as the pain that follows physical injury.

The court thinks that $500 would fairly compensate the plaintiff for what she has suffered and accordingly the defendant's motion for a new trial is granted unless the plaintiff shall, in writing, within three days after the filing of this rescript, remit all of the verdict in excess of $500.

For plaintiff: Quinn, Kernan & Quinn.

For defendant: Henshaw & Sweeney.